```
                  UNITED STATES DISTRICT COURT
                  EASTERN DISTRICT OF MISSOURI
                        EASTERN DIVISION
```

R. KOTESWARA RAO KUNDA         )
and CHICAGO INSURANCE CO.,     )
                               )
            Plaintiffs,        )
                               )
      vs.                      )    No. 4:06-CV-0187 CEJ
                               )
ST. ANTHONY MEDICAL CENTER     )
SELF-INDENTURED TRUST, et al., )
                               )
            Defendants.        )


### AGREED ORDER REGARDING CONFIDENTIALITY
### AND RETURN OF DOCUMENTS

To expedite the flow of discovery material, to facilitate the prompt resolution of disputes over confidentiality, to adequately protect material entitled to be kept confidential, and to ensure that protection is afforded to materials entitled to confidentiality, the parties, pursuant to the Court's authority under Federal Rule of Civil Procedure 26(c), hereby stipulate and this Court hereby orders as follows:

IT IS HEREBY ORDERED:

1. To ensure the protection of the parties' trade secrets or other confidential research and development, financial, or commercial information and the privacy of health information of patients treated by any healthcare provider or facility related to this lawsuit ("Patient" or "Patients") pursuant to the regulations issued by the United States Department of Health and Human Services governing the Standards for Privacy of Individually Identifiable Health Information (45 C.F.R. Parts 160 and 164), issued pursuant

to the Health Insurance Portability and Accountability Act of 1996, Pub. L. No. 104-191, 110 Stat. 2024 (Aug. 21, 1996) ("HIPAA"), and the federal laws related to alcohol and drug abuse treatment records as mandated by 42 U.S.C. 290dd-2 and 42 U.S.C. 290ee-3, respectively, and the regulations promulgated pursuant to the authority granted therein found at 42 C.F.R. Part 2, the parties have agreed to the conditions set forth in this Order to maintain the confidentiality of such information, as otherwise required by 45 C.F.R. § 164.512(e) and all other applicable laws.

2. In connection with discovery furnished after the date of this Agreed Order Regarding Confidentiality and Return of Documents (the "Order") in the above-captioned action (the "Action"), any party may designate any document as "Confidential" under this Order if that party and its counsel in good faith believe that the designated restriction is appropriate because the document contains or reflects Confidential Business Information, Confidential Protected Health Information, or Confidential Peer Review Privileged Information, each as hereafter defined.

3. The term "Confidential Business Information" means information, in any medium, which contains or reflects, non-party personal employment related information, trade secrets or other confidential research or development information. The term "Confidential Protected Health Information" shall have the meaning ascribed to "Protected Health Information" in HIPAA and the federal regulations promulgated pursuant to the authority granted therein. The term "Confidential Peer Review Privileged Information" shall

mean information protected by Missouri's peer review privilege codified at 537.035, R.S.Mo. Confidential Business Information, Confidential Protected Health Information, and Confidential Peer Review Privileged Information are referred to collectively in this Order as Confidential Information.

4. This Order shall govern all Confidential Information, in whatever form (including, without limitation, documents and deposition testimony), generated, disclosed or obtained during the course of discovery in this action.

5. Any documents to be designated as "Confidential Information" may be so designated by stamping the documents with the legend "Confidential" prior to their production. Any party may designate any or all portions of any deposition transcript as "Confidential" by written notice on the opposing party identifying the pages or lines that are to be afforded "Confidential" treatment if that party, and its counsel, in good faith believes that the designated restriction is appropriate pursuant to this Agreed Order. Such designation must be made within seven (7) days of the receipt of the transcript or within seven (7) of this order, which ever event is later in time. Alternatively, a party may designate all or any part of a deposition as "Confidential" by stating on the record during the deposition that all or part of the deposition should be so treated. The term "document" as used throughout this Order includes any deposition transcript.

6. In the event that any party objects to the designation of any documents or testimony as "Confidential," that party may serve

written notice on all parties specifying which documents are improperly designated (including a statement of the legal and factual basis for the objection). During the five (5) day period following service of such a notice, the parties shall confer in a good faith effort to resolve the objections. If the dispute is not resolved, the objecting party at any time thereafter may file an appropriate motion to resolve whether the documents should be treated as "Confidential." The specified documents or testimony shall continue to be treated as "Confidential" pending resolution of the dispute by the Court.

7. Documents or testimony designated as "Confidential Information" (and any information contained therein or derived therefrom) may be disclosed or made available by the receiving party only to the following:

    (a)   The Court (including the Court's administrative and clerical staff), provided that they are filed under seal.

    (b)   Attorneys of record and in-house attorneys in the Action, as well as the lawyers, paralegals, clerical and secretarial staff employed by and working for such attorneys on this case.

    (c)   The parties and indemnitors of the parties as well as those officers, directors, in-house attorneys, or employees of the parties and indemnitors who are actively involved in the Action or who are otherwise necessary to aid counsel in the Action.

    (d)   Court reporters transcribing depositions in the Action.

    (e)   Any deposition, trial, or hearing witness in the Action who previously has had access to the specific documents or who

     has otherwise acted as an agent, employee, consultant, or advisor to the party that produced the documents, materials, or information.

  (f) Any independent contractor employed by such attorney on this case and any expert witness or consultant, which shall be defined to mean a person who has been retained by one of the parties in good faith to serve as an expert witness or consultant (whether or not retained to testify at trial) in connection with this Action, including any person working directly under the supervision of any such expert witness or consultant, provided that prior to the disclosure of documents designated as "Confidential" and "Confidential Patient Information" to any independent contractor, expert witness or consultant, the party making the disclosure shall deliver a copy of this Order to such person, shall explain its terms to such person, and shall secure the signature of such person on the form attached hereto as Exhibit A.

  (g) Any other persons to whom the parties all agree in writing <u>and</u> who executes the form attached hereto as Exhibit A.

  8. In addition to the "Confidential" legend, Confidential Peer Review Privileged Information shall also be stamped with the following statement: "Privileged Peer Review Information pursuant to 537.035, R.S.Mo."

  9. Documents or testimony designated as "Confidential Business Information," "Confidential Protected Health Information" and "Confidential Peer Review Privileged Information" and information contained therein or derived therefrom (including depositions), shall not be disclosed to any person except in accordance with this Order and shall be used by the persons receiving them only for the purposes of preparing for, conducting,

and/or participating in the conduct of this Action, and not for any business, personal, or other purpose whatsoever.

10. Within thirty (30) days after the later of (i) final judgment or settlement of the Action and (ii) the time for any and all appeals has expired, the parties and their counsel shall return to counsel for the producing party or third-party all Confidential Information produced in this Action and all copies thereof. Alternatively, the parties, by and through their counsel, may certify in writing that the Confidential Information has been destroyed. Within the same thirty (30) day period, counsel shall supply to the producing party copies of each statement in the form attached hereto as Exhibit A that were signed pursuant to paragraph 8 of this Order. Outside counsel of record for the receiving party may retain only one archival copy of: Confidential Information used in deposition exhibits; exhibits used in proceedings before the Court; documents included in submissions to the Court; and Confidential documents to the extent they are included in such papers or reflected in that outside counsel's work product.

11. Any documents produced by a non-party witness in discovery in the Action pursuant to subpoena or otherwise may be designated by such non-party as "Confidential," "Confidential Protected Health Information" or "Confidential Peer Review Privileged Information" under the terms of this Order, and such designation shall have the same force and effect, and create the same duties, obligations, and remedies as if made by one of the parties hereto.

12. This Order may be amended or modified only by the Court or written agreement of the Parties.

13. Subject to the Federal Rules of Civil Procedure and the Local Rules of the United States District Court for the Eastern District of Missouri pertaining to discovery and subject to any objection that may otherwise be made, the parties are to respond to discovery requests herein by producing documents and information in response to such a request, notwithstanding the fact that such documents or information may include Confidential Information. That such documents or information may include said information shall not be grounds to object to such discovery, and all objections heretofore asserted on such basis are hereby overruled. Documents subject to the peer review privilege shall be dealt with as provided in paragraph 8.

14. If any party at a deposition, at trial or at a hearing in this matter seeks to offer into evidence or otherwise use any Confidential Business Information, Confidential Protected Health Information, or Confidential Peer Review Privileged Information, it shall not lose its confidential status through such use.

15. All Confidential Business Information, Confidential Protected Health Information, or Confidential Peer Review Privileged Information which is filed with the Court shall be filed in sealed envelopes or other appropriately sealed containers on which shall be endorsed with the title of this action, a general indication of the nature of the contents, the legend "CONFIDENTIAL" and the following statement: "FILED UNDER SEAL PURSUANT TO A

PROTECTIVE ORDER." The Clerk of the Court is hereby directed to maintain such Confidential Information in a separate portion of the Court files not available to the public.

16. The Court has reviewed the regulations promulgated by the United States Department of Health and Human Services governing the Standards for Privacy of Individually Identifiable Health Information (45 C.F.R. Parts 160 and 164), issued pursuant to the Health Insurance Portability and Accountability Act of 1996, Pub. L. No. 104-191, 110 Stat. 2024 (Aug. 21, 1996) ("HIPAA") and the federal guidelines related to alcohol and drug abuse treatment records as reflected in 42 U.S.C. 290dd-2 and 42 U.S.C. 290ee-3, respectively, and the regulations promulgated pursuant to the authority granted therein found at 42 C.F.R. Part 2 and hereby finds that disclosure, review and return of the documents under the terms of this Protective Order is not in violation of such regulations.

17. The production by any party of any "Confidential Business Information" or "Confidential Protected Health Information" or "Confidential Peer Review Privileged Information" documents during this Action without a "Confidential" designation shall be without prejudice to any subsequent claim or assertion that such material should be treated as "Confidential Information," and such party shall not be held to have waived any rights by such production or disclosure, except to the extent that the receiving party relied upon the original designation (or non-designation) of the document. In the event that such production occurs, counsel for the producing

party may designate the documents as "Confidential Information", and such designation shall commence as of the date the documents are subsequently marked as "Confidential Information."

```
                                  _____
                                  CAROL E. JACKSON
                                  UNITED STATES DISTRICT JUDGE
```

Dated this 22nd day of August, 2006.


R. KOTESWARA KUNDA and
CHICAGO INSURANCE COMPANY


By: ___/s/Jennifer C. Kalvestran_____
Dated: _August 21, 2006__ _____


ST. ANTHONY MEDICAL CENTER
SELF-INDENTURED TRUST,
ST. ANTHONY'S MEDICAL CENTER,
ST. ANTHONY'S PHYSICIANS ORGANIZATION,
ST. ANTHONY'S MEDICAL CENTER FOUNDATION,
and FIRSTAR BANK, N.A.


By: ___/s/Winthrop B. Reed, III_____

Dated: _August 21, 2006_____


**EXHIBIT A**

1. I, _____, residing at _____ have read the foregoing Agreed Order Regarding Confidentiality and Return of Documents (the "Order") in the action captioned *R. Koteswara Kunda, et. al v. St. Anthony Medical Center Self-Indentured Trust, et. al*, No. 06 CV 00187 CEJ, United States District Court for the Eastern District of Missouri, Eastern Division. I agree to be bound by its terms with respect to any documents designated as "Confidential Information" that are furnished to me as set forth in the Order. I further agree to return documents to the producing party or third party according to the terms of paragraph 12 of that Order.

2. I hereby consent to the jurisdiction of the Court in which the Action is pending with respect to any proceedings to enforce the terms of the Order against me.

3. I hereby agree that any documents designated as "Confidential," that are furnished to me will be used by me only for the purposes of the Action, and for no other purpose, and will not be used by me in any business affairs of my employer or of my own, nor will the information contained therein be imparted by me to any other person.

_____     _____
Signature                          Date